I respectfully dissent from the conclusion reached by the majority in this case. The record reveals Ms. Bates drove her daughter and nephew to Euclid Medical Plaza for her daughter's appointment. Afterwards, on the way back to her car, the children were lagging behind. As she turned and told them to catch up, she stepped into a two to three inch space in the pavement, twisted her foot, fell and broke her left arm. The record further reveals Ms. Bates and David McVay, the property manager, knew the parking lot was in a state of disrepair. However, Ms. Bates did not know a hazard existed where she stepped. The majority concluded that a two to three inch space in the pavement constituted an open and obvious condition, and the defect was minor and not unreasonably dangerous because Ms. Bates had traversed the area once that day and numerous times in the past without incident.
I believe summary judgment should be granted using the open and obvious doctrine when Ms. Bates' comparative negligence in disregarding the defect is greater than that of Euclid Medical Plaza in creating the hazard. Ms. Bates is required to use care; however, she is not required to constantly look downward. See Grossnickle v. Germantown (1965),3 Ohio St.2d 96.
In Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677, the court stated:
 In order to establish actionable negligence, the plaintiff must show the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom. * * *. (Citations omitted.)
* * *
 More recently, this court has continued to hold that the question of whether the contributory negligence of a plaintiff is the proximate cause of the injury is an issue for the jury to decide pursuant to the modern comparative negligence provisions of R.C. 2315.19(A)(1). * * *. (Citations omitted.)
Further, Burks v. Marc Glassman, Inc. dba Garfield Furniture, (Nov. 16, 2000) Cuyahoga App. No. 76676, unreported, involved a personal injury action arising when headboards fell on Ms. Burks causing her to fall and break her hip, and this court stated:
 In recent years, the Ohio Supreme Court has limited the applicability of the open-and-obvious doctrine. * * *. As the Supreme Court has noted, the open and obvious doctrine has not been uniformly applied in Ohio. * * * Further, since Ohio enacted the comparative negligence statute, R.C. 2315.19, courts must carefully distinguish between a defendant's duty of care and a plaintiff's contributory negligence. * * *. (Citations omitted.)
* * *
 We refuse to apply the open and obvious doctrine to completely absolve appellee of any duty in this case. Like the Supreme Court in Texler, we find that the determinative issues are whether appellant was negligent in failing to protect herself from the sliding stacks of headboards and, if so, whether this negligence outweighed any negligence on the part of appellee. These issues are inappropriate for summary judgment and, therefore, must be remanded for determination by a jury.
In the instant case, both parties were aware the parking lot had fallen into a state of disrepair, and an issue of fact remains as to which party was more negligent. This issue cannot be properly decided on summary judgment, but should be decided by a jury. For these reasons, I dissent from the views expressed in the majority opinion.